*655 SUMMARY ORDER
Ariel Friedlander appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, J.). The district court dismissed Friedlander’s claims against Port Jewish Center (“the Temple”) arising from the Temple’s termination of her as its rabbi. Citing the “ministerial exception,” a constitutional doctrine that forbids courts from disturbing the autonomy of religious institutions over ecclesiastical affairs and from entangling themselves in religious questions, see Rweyemamu v. Cote, 520 F.3d 198, 204-09 (2d Cir.2008), the district court determined that it lacked subject matter jurisdiction. Friedlander now contends that dismissal pursuant to the ministerial exception was inappropriate because the district court’s analysis of her claims would not have required it to examine religious issues. We assume the parties’ familiarity with the facts, procedural history of the case, and issues presented on appeal.
This Court reviews de novo a decision to grant a motion to dismiss for lack of subject matter jurisdiction. Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). “A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.” Id.
In Rweyemamu, we held that a plaintiff-minister’s race discrimination suit against a diocese was barred by the ministerial exception because reviewing the minister’s claim would have required the district court to assess the plausibility of the diocese’s contention that it fired the priest due to his inadequate performance of his pastoral duties. Rweyemamu, 520 F.3d at 209. We held that such a review “easily falls within” the boundaries of the ministerial exception. Id.; see also Minker v. Baltimore Annual Conference of the United Methodist Church, 894 F.2d 1354, 1357 (D.C.Cir.1990) (“[Evaluation of the ‘gifts and graces’ of a minister must be left to ecclesiastical institutions.”).
Similarly, review of Friedlander’s claims in this case would require scrutiny of whether she should have, inter alia, read more extensively from the Torah at certain services, prepared students for their Bar or Bat Mitzvah more adequately, performed certain pastoral services that were not performed, or followed the Temple’s funeral service policies. A reviewing court would also be required to assess whether any failures rose to the level of “gross misconduct or willful neglect of duty” under the relevant employment contract. We agree with the district court that such review would involve impermissible judicial inquiry into religious matters.
For the foregoing reasons, the decision is AFFIRMED.